IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRED JONES,

    Plaintiff,    CV F 06 0665 OWW WMW P

  vs.    ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

JOHN BURK, et al.,

    Defendants.

Plaintiff is an inmate at the Merced County Jail proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the original complaint. Plaintiff, an inmate in the custody of the Merced County Sheriff's Department at the Merced County Jail, brings this civil rights action against defendant John Burk, the Commander of the Merced County Jail.

Plaintiff's allegations relate to his placement in Administrative Segregation as a result of a physical altercation. Plaintiff was involved in the altercation on April 30, 2006. In addition to his placement in Administrative Segregation, Plaintiff lost certain privileges for thirty days: visiting, television, yard and canteen. Plaintiff alleges that the privileges were removed without any type of hearing.

While the Fifth and Fourteenth Amendments prohibit a state from depriving "any person

of life, liberty, or property without due process of law," it is well settled that only a limited range of interests fall within this provision.  A due process claim is cognizable only if there is a recognized liberty or property interest at issue. <u>Rizzo v. Dawson</u>, 778 F.2d 527, 530 (9th Cir. 1985).  Liberty and property interests protected by the Fifth and Fourteenth Amendments may arise from only two sources, the Due Process Clause itself and the laws of the states.  <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 373 (1987); <u>Wolff v. McDonell</u>, 418 U.S. 539, 556-558 (1974).  The first step in examining a procedural due process question is to determine whether the state's procedures attending the deprivation were constitutionally sufficient.  If there is no protected interest, then the procedural protections of the Due Process Clause do not attach.  <u>Board of Regents of State Colleges v. Roth</u>, 408 U.S. 564, 571 (1972); <u>Kentucky Dept. of Corrections v. Thompson</u>, 490 U.S. 454, 460 (1989); <u>Olim v. Wakinekona</u>, 461 U.S. 238, 250 (1983).

In <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), the United States Supreme Court changed the manner in which courts are to determine whether a state created liberty interest exists.  Under <u>Sandin</u>, procedural due process does not attach unless the state subjects an inmate to restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Sandin v. Conner</u>, 515 U.S. at 479.

Here, Plaintiff has alleged at most a temporary deprivation of certain privileges.  There is no authority for the proposition that such a deprivation constitutes a due process violation.  The courtt finds that the allegations in plaintiff's complaint fail to state a claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Because plaintiff has failed allege facts sufficient to state a claim for relief,  the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   August 3, 2006**             /s/  William M. Wunderlich
mmkd34                                   UNITED STATES MAGISTRATE JUDGE