# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FREDERICK JONES, SR., | | CASE NO. 1:06-cv-00665-LJO-YNP PC |
| | Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF MOTION TO DISMISS |
| v. | | |
| JOHN BURK, et al., | | (Doc. 59) |
| | Defendants. | OBJECTIONS DUE WITHIN 30 DAYS |

Plaintiff Frederick Jones, Sr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On June 23, 2009, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) based on Plaintiff's failure to exhaust his administrative remedies. (Docs. #59-62.) Plaintiff filed an opposition on July 23, 2009. (Doc. #63.) Defendants filed a reply to Plaintiff's opposition on July 27, 2009. (Doc. #64.) Plaintiff filed an "affidavit . . . in support of . . . opposition" on August 14, 2009. (Doc. #66.) This action proceeds on Plaintiff's second amended complaint filed on September 8, 2006. (Doc. #14.)

**I.     Background**

This action proceeds on Plaintiff's September 8, 2006 second amended complaint. On July 24, 2008, Defendants filed a motion to dismiss based on Plaintiff's failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). On March 26, 2009, the Court partially granted the motion and ordered that this action proceed on Plaintiff's section 1983 claim against Defendants for the violation of the First Amendment. Plaintiff claims that Defendants violated his rights under the First

///

1

Amendment by interfering with Plaintiff's free exercise of his religion. Defendants denied Plaintiff's requests for various religious items. Plaintiff was incarcerated at the Merced County Jail.

In their second motion to dismiss, Defendants argue that they are entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b) on the basis that Plaintiff failed to exhaust his administrative remedies prior to filing suit. (Notice of Mot. and Unenumerated Rule 12(b) Mot. to Dismiss Second Am. Compl. 1:24-27.) Defendants argue that the Merced County Sheriff's Office has an administrative grievance system for prisoner complaints. (Mem. of P. & A. in Supp. of Unenumerated Rule 12(b) Mot. to Dismiss Second Am. Compl. 3:14-16.) Prisoners must first raise their complaints with the "line staff member." (Mem. of P. & A. in Supp. of Mot. to Dismiss 3:16-17.) If the problem is not resolved at the staff level, the inmate must submit a written grievance. (Mem. of P. & A. in Supp. of Mot. to Dismiss 3:17-19.) If the grievance is not resolved at the staff level, it is forwarded to the sergeant. (Mem. of P. & A. in Supp. of Mot. to Dismiss 3:19-20.) The sergeant may forward the grievance to the commander. (Mem. of P. & A. in Supp. of Mot. to Dismiss 3:22.) The commander, who may or may not conduct additional investigation of the grievance, issues a response. (Mem. of P. & A. in Supp. of Mot. to Dismiss 3:22-25.) If the inmate wishes to appeal the commander's decision, he/she must submit a letter to the undersheriff. (Mem. of P. & A. in Supp. of Mot. to Dismiss 3:25-28.)

Defendants contend that Plaintiff did not comply with the inmate grievance process because Plaintiff's grievance was processed by the commander but only partially granted. (Mem. of P. & A. in Supp. of Mot. to Dismiss 4:1-8.) Plaintiff's requests for prayer oil, prayer beads, and prayer clay were denied. (Mem. of P. & A. in Supp. of Mot. to Dismiss 5-8.) Defendants claim that Plaintiff did not appeal the commander's decision by submitting a letter to the undersheriff. (Mem. of P. & A. in Supp. of Mot. to Dismiss 4:8-10.) Defendants conclude that Plaintiff did not exhaust all of his administrative remedies prior to filing suit. (Mem. of P. & A. in Supp. of Mot. to Dismiss 4:11-12.)

Plaintiff filed an opposition on July 23, 2009. Plaintiff argues that he did exhaust because he did not have a copy of the regulations detailing the Merced County Sheriff's Office's administrative grievance system. (Reply to Defs.' Second Mot. to Dismiss 2.) Plaintiff claims that he was not told that he had to abide by the jail's regulations and was unaware of the existence of any

2

regulations detailing the administrative grievance system. (Reply to Defs.' Second Mot. to Dismiss 2.)

In Defendants' reply to Plaintiff's opposition, Defendants argue that Plaintiff's opposition was untimely and should be disregarded. (Reply to Opp'n to Unenumerated Rule 12(b) Mot. to Dismiss Second Am. Compl. 1:25-21.) Defendants argue that Plaintiff's opposition was mailed on July 20, 2009, though the proof of service states that it was placed in the mail on July 16, 2009. (Reply 1:27-2:1.) By Local Rule, Plaintiff's opposition was due 21 days after Defendants' motion was filed and served. (Reply 2:19-20.) Defendants' motion was filed and served on June 23, 2009. (Reply 2:19.) Plaintiff's opposition was due on July 14, 2009. Defendants also argue that Plaintiff's ignorance of the jail's administrative grievance system should not excuse Plaintiff's failure to pursue his appeal to the highest levels.

On August 14, 2009, Plaintiff filed an "Affidavit of Fred Jones in Support of 1st Opposition & Affidavit to Defendant's 2nd Motion to Dismiss." Plaintiff's pleading is a response to Defendants' reply. Plaintiff argues that his opposition to the motion to dismiss was filed in a timely fashion and that he should be excused for being unaware of the jail's administrative grievance procedures.

**II.    Discussion**

    **A.    Plaintiff's Untimely Opposition**

Defendants argue that Plaintiff's opposition should be disregarded because it was filed in an untimely manner. Defendants' motion to dismiss was filed and served on June 23, 2009. The local rules state that an opposition to a motion in a prisoner case must be served and filed "not more than eighteen (18) days, plus three (3) days for mailing or electronic service." Local Rule 230(l). Plaintiff's opposition was thus due on July 14, 2009. Plaintiff's opposition was placed in the mail on July 16, 2009, making it untimely. However, the Court is unaware of any rule or law that requires the Court to disregard untimely pleadings. The local rules provide that the failure to file an opposition or statement of no opposition "may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." Local Rule 230(l) (emphasis added). Local Rule 110 provides that the "[f]ailure of counsel or of a party to comply with these Rules or

with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." The rule does not mandate any particular form of sanction or any sanction at all. Thus, the Court has discretion to disregard Plaintiff's opposition. The Court declines to exercise that discretion, given that the opposition was only a few days late, that Plaintiff's incarcerated status undoubtedly limits his ability to prepare and file pleadings, and the fact that the Court grants extensions of time for pro se prisoner litigants liberally. Sanctioning Plaintiff by disregarding his opposition would be unduly harsh, as it would effectively result in the dismissal of this action. Therefore, the Court will consider Plaintiff's opposition in ruling on Defendants' motion to dismiss. However, Plaintiff is forewarned that any further violations of the local rules may result in harsher sanctions.

**B.     Plaintiff's Surreply**

Plaintiff has filed an affidavit in response to Defendants' reply to Plaintiff's opposition. Plaintiff's response to Defendants' reply is a surreply. Neither the Federal Rules of Civil Procedure nor the Local Rules explicitly provide for surreplies. The Local Rules only provide for a motion, an opposition, and a reply. See Local Rule 230. Plaintiff has not requested permission to file a surreply by motion and the Court did not requested a surreply. Thus, Plaintiff's pleading is improper and will not be considered in ruling on Defendants' motion.

**C.     Failure to Exhaust**

**1.     Failure to Exhaust - Legal Standards**

Defendants claim that Plaintiff failed to exhaust his administrative remedies prior to filing suit. "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). The PLRA exhaustion requirement requires proper exhaustion. Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. . . ." Id. at 90-91. The proper exhaustion requirement serves two important purposes: 1) it gives an agency the opportunity to correct its own mistakes before it is

4

brought into federal court and it discourages disregard of the agency's procedures; and 2) it promotes efficiency because claims can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court. Id. at 89.

Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). Thus, prisoners cannot evade the exhaustion requirement by limiting their request for relief to forms of relief that are not offered through administrative grievance mechanisms. Id. (prisoners cannot skip administrative process by simply limiting prayers for relief to money damages not offered through administrative grievance mechanisms). Further, prisoners may not cease pursuing administrative appeals simply because the appeal process does not offer the form of relief that they seek. "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)). However, "a prisoner need not press on to exhaust further levels of review once he has either received all 'available' remedies at an intermediate level of review or been reliably informed by an administrator that no remedies are available." Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense which Defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Id. at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

The Ninth Circuit has not yet decided whether exceptions to the PLRA's exhaustion requirement exist. Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008). However, other circuits

have held that the exhaustion requirement is satisfied when prison officials prevent exhaustion from occurring through misconduct, or fail to respond to a grievance within the policy time limits. See, e.g. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir.2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir.2007) (Courts are "obligated to ensure any defects in exhaustion were not procured from the action of inaction of prison officials."); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir.2006) (administrative remedy not available if prison employees do not respond to a properly filed grievance or use affirmative misconduct to prevent a prisoner from exhausting); Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir.2004) ("administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance"); Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (inability to utilize inmate appeals process due to prison officials' conduct or the failure of prison officials to timely advance appeal may justify failure to exhaust); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir.2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir.2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir.2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir.1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir.1998) (when time limit for prison's response has expired, the remedies are exhausted); see also Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir.2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir.2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); Miller v. Norris, 247 F.3d 736, 740 (8th Cir.2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy).

///

### 2. **Plaintiff Has Exhausted All "Available" Administrative Remedies**

Defendants claim that the Merced County Sheriff's Office has an administrative grievance system in place, and that completion of the administrative grievance system requires a prisoner to submit a complaint through multiple levels of appeal, the highest level of appeal being submission to the undersheriff. The requirements of the Merced County Sheriff's Office's administrative grievance system is undisputed. Defendants further claims that Plaintiff's grievance was only partially granted by the commander. Plaintiff's requests for a prayer rug, a copy of the Koran, and access to a Muslim cleric were granted. Plaintiff's requests for prayer oil, prayer beads, and prayer clay were denied. Defendants allege that Plaintiff could have appealed those denials to the undersheriff. These facts are also undisputed.

However, Plaintiff argues that he was not given notice of the requirements of the Merced County Sheriff's Office administrative grievance system and did not know that he could appeal the commander's denial to the undersheriff. Plaintiff argues that his administrative remedies should be deemed exhausted because he was not informed by jail authorities about the availability of further levels of appeal.

As an initial matter, Plaintiff's administrative remedies with respect to his claims based on the denial of a prayer rug, a copy of the Koran, and access to a Muslim cleric are exhausted. Defendants have not raised any argument that any further relief was available after these requests were granted. Plaintiff was temporarily denied access to these religious items before the commander granted Plaintiff's request for them. At trial, Plaintiff may be able to demonstrate that this temporary denial was not reasonably related to legitimate penological interests. Thus, Plaintiff may raise a First Amendment claim based on the temporary denial of these items.

The remaining issue is whether further remedies remained "available" to Plaintiff if Plaintiff was unaware that further levels appeal were available to him with respect to his requests for prayer oil, prayer beads, and prayer clay. From the Court's research, this appears to be an issue that has not yet been explicitly addressed by the Ninth Circuit. However, the Ninth Circuit has stated that "a defendant must demonstrate that pertinent relief remained available" and that "[r]elevant evidence in so demonstrating would include . . . information provided to the prisoner concerning the operation

7

of the grievance procedure. . . ." Brown v. Valoff, 422 F.3d 926, 936-37 (9th Cir. 2005). "[I]nformation provided to the prisoner is pertinent because it informs [the] determination of whether relief was, as a practical matter, 'available.'" Id. at 937 (emphasis added). The implication from the Ninth Circuit's language is that relief is not "available" if its existence is not reasonably apparent to the prisoner.

Defendants have not presented any evidence that suggest that Plaintiff should have known of the full scope of the Merced Sheriff's Office's administrative grievance system. Defendants have not alleged that Plaintiff received documentation explaining all the levels of appeal, nor is there any indication that Plaintiff's response from the commander explicitly informed Plaintiff that he may appeal the commander's decision by submitting his grievance to the undersheriff. Defendants have not alleged that Plaintiff had access to any documentation about the administrative grievance procedure at all.

Defendants argue that Plaintiff's ignorance of the law is not an excuse, citing Cheek v. United States, 498 U.S. 192 (1991), Barlow v. United States, 32 U.S. 404 (1833), and United States v. Hancock, 231 F.3d 557 (9th Cir. 2000). However, Plaintiff's failure to submit his grievance to the undersheriff was not necessarily the product of his ignorance of the law. The law on exhaustion requires Plaintiff to exhaust all available administrative remedies. Plaintiff may or may not have been ignorant of the law on exhaustion. What Plaintiff was ignorant of was whether there existed a higher level of appeal beyond the commander's response. The existence of this higher level of appeal is not an issue of law.

The Court finds that Defendants must demonstrate that the availability of administrative remedies was reasonably apparent to Plaintiff in order to qualify for the failure to exhaust defense. A remedy is not "available" if a prisoner has no reasonable way of knowing about its existence. Finding otherwise would encourage corrections officials to deliberately promulgate opaque procedural requirements for filing administrative grievances, intentionally keep prisoners in the dark about those requirements, and then claim those prisoners are thereinafter barred from filing suit due to their inability to follow obscure grievance procedures. In order to demonstrate the failure to

///

exhaust, Defendants must present evidence that relief was, as a practical matter, available to Plaintiff. Here, Defendants failed to meet that burden.

### III. Conclusion and Recommendation

The Court finds that Defendants have failed to meet their burden of demonstrating that Plaintiff has exhausted all available administrative remedies. Plaintiff alleges that he exhausted all remedies that can reasonably be said to be available. Defendants have not adequately rebutted that allegation.

Accordingly, it is HEREBY RECOMMENDED that Defendants' motion to dismiss, filed on June 23, 2009, be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **February 4, 2010**             /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE