# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JONES, SR., | CASE NO. 1:06-cv-00665-LJO-YNP PC |
| Plaintiff, | ORDER RE: FINDINGS & RECOMMENDATIONS |
| v. | (Doc. 77) |
| JOHN BURK, et al., | |
| Defendants. | |

Plaintiff Frederick Jones, Sr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 304(a).

On February 4, 2010, the Magistrate Judge issued a Findings and Recommendations that recommended that Defendants' motion to dismiss be denied. Defendants have filed objections to the Findings and Recommendations. (Doc. #79.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b)(3) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court will adopt in part and deny in part the Findings and Recommendations.

Defendants filed a motion to dismiss based on Plaintiff's failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a). The Findings and Recommendations recommended that Defendants' motion to dismiss should be denied with respect to Plaintiff's claims that he was denied a prayer rug, a copy of the Koran, and access to a Muslim

1

cleric. The Court finds the Findings and Recommendations to be supported by the record and proper analysis with respect to these claims. Defendants' motion to dismiss will be denied with respect to Plaintiff's First Amendment claims based on the denial a prayer rug, a copy of the Koran, and access to a Muslim cleric.

The Findings and Recommendations also recommended that Defendants' motion to dismiss should be denied with respect to Plaintiff's claims based on the denial of prayer oil, prayer beads and prayer clay. Defendants argued that they are entitled to dismissal because Plaintiff failed to exhaust his administrative remedies prior to filing suit. The Merced County Sheriff's Office has an administrative grievance system for filing prisoner complaints. Prisoners must raise their complaints first with a "line staff member," second with a written grievance, third with a sergeant, fourth to the commander, and finally to the undersheriff.

Plaintiff appealed his grievance to the commander. Plaintiff's grievance was partially granted at that level. Plaintiff's requests for prayer oil, prayer beads, and prayer clay were denied. Plaintiff did not appeal the commander's decision by submitting a letter to the undersheriff. Defendants argue that Plaintiff failed to exhaust all of his administrative remedies because a final level of appeal remained.

Plaintiff argued that he did not appeal to the undersheriff because he was unaware that the next level of appeal existed. Plaintiff claims that the jail failed to provide him with any information regarding the grievance process or any notification that a higher level of appeal existed. The Findings and Recommendations cited <u>Brown v. Valoff</u>, 422 F.3d 926 (9th Cir. 2005) for the proposition that if prison officials fail to inform a prisoner that higher levels of appeal exist, there are no further "available" remedies.

In their objections to the Findings and Recommendations, Defendants argue that the instant case is distinguishable from <u>Brown</u>. The Court agrees and will decline to adopt the Findings and Recommendations with respect to Plaintiff's claims that he was denied prayer oil, prayer beads, and prayer clay. In <u>Brown</u>, the plaintiff was provided with information that implied that no further relief was available through the appeals process. Plaintiff was told that his administrative complaint was treated as a "staff complaint" and that the results of any investigation would be kept confidential.

1  Second, in <u>Brown</u>, the Department of Correction's governing directives indicated that no further
2  relief was available because the only "relief" described in the directives was the confidential staff
3  investigation. Finally, in <u>Brown</u>, the plaintiff made an inquiry as to the status of his complaint.
4  Plaintiff was informed that an investigation was conducted and completed. Thus, the department
5  had a full opportunity to investigate Plaintiff's complaints and the investigative process did not
6  involve any further appeals.

7  Taken together, the factual situation in <u>Brown</u> is markedly different from the situation here.
8  Here, Defendants did not give Plaintiff information that suggested that no further remedies existed.
9  Plaintiff's request for prayer oil, prayer beads, and prayer clay were denied by the commander. If
10 Plaintiff was dissatisfied with the response, the Merced County Sheriff's Office required Plaintiff
11 to appeal the issue to the undersheriff. Plaintiff failed to appeal to the undersheriff. There is no
12 indication that prison officials deliberately withheld information from Plaintiff to thwart the
13 administrative grievance process. Therefore, administrative remedies remained available and
14 Defendants' are entitled to dismissal.

15 Accordingly, the Court HEREBY ORDERS that:

16 1. Defendants' motion to dismiss Plaintiff's First Amendment claims regarding the
17     denial of a prayer rug, a copy of the Koran, and access to a Muslim cleric, is
18     DENIED;
19 2. Defendants' motion to dismiss Plaintiff's First Amendment claims regarding the
20     denial of prayer oil, prayer beads, and prayer clay is GRANTED based on Plaintiff's
21     failure to exhaust.

22 IT IS SO ORDERED.

23 **Dated:   March 29, 2010**             /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE