# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK JONES, SR., | CASE NO. 1:06-cv-00665-LJO-SKO PC |
| Plaintiff, | ORDER PARTIALLY GRANTING AND PARTIALLY DENYING MOTION TO COMPEL |
| v. | (Doc. 82) |
| ANTHONY COOPER, et al., | |
| Defendants. | |

Plaintiff Frederick Jones, Sr. ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 30, 2010, Defendants filed a motion to compel. (Doc. #82.) Plaintiff has not filed an opposition to Defendants' motion to compel.

**I.      Defendants' Motion to Compel**

Defendants' motion to compel concerns Plaintiff's responses to Defendants' interrogatories, requests for admission, and requests for production of documents. Defendants complain that Plaintiff responded to their interrogatories with a blanket objection that stated that "[r]esponse to def's special interrogatories set one is objected to on the ground that it is vague, ambiguous and overbroad." (Statement Re: Discovery Disagreement 4:6-9.) Defendants contend that their interrogatories were not vague, ambiguous, or overbroad because the interrogatories were based on allegations taken directly from Plaintiff's second amended complaint.

Defendants also challenge Plaintiff's responses to their requests for production of documents. Defendants contend that Plaintiff's objections were unresponsive and improper because Plaintiff

1

only provided a series of evasive boilerplate objections.  Defendants requested documents that support the allegations Plaintiff made in his second amended complaint.

Defendants also complain that Plaintiff provided a blanket objection in response to their requests for admission.  Plaintiff wrote "'[r]esponse to defendants[sic] request for admission number's[sic] 1-19 are hereby objected to on the ground that it is vague, ambiguous and overbroad.  Plaintiff will not admit that there is no evidence or facts to support the allegations in the second amended complaint!'"  (Statement Re: Discovery Disagreement 5:4-7.)

## II.   Discussion

### A.   Defendants' Interrogatories

Defendants propounded a set of twenty (20) interrogatories on Plaintiff.  Interrogatory Nos. 1-18 ask Plaintiff to state the basis of various allegations made in Plaintiff's second amended complaint and request all the facts that support those allegations.  For example, Interrogatory No. 1 asks:

> If you contend, as alleged in paragraph 1 of your second amended complaint that: "This actionable lawsuit is brought in ways to seek relief to recover damages for civil violations, and to seek injunctive[sic]", please state the basis of said contentions and all facts upon which you base said contentions.  A full response to this interrogatory requires that you state each fact supporting the contention, the name, address and telephone number of each person having knowledge of each fact and a full description of each writing (as defined by Fed. R. Evid. 1001) evidencing, reflecting or referring to each fact, including the name, address and custodian of each such writing.

(Decl. of James E. Stone in Support of Mot. to Compel Proper Responses by Pl. to Defs.' Discovery Requests Ex. A, at 2, ECF No. 95.)  Plaintiff's response to all of Defendants' interrogatories is a single blanket objection.  Plaintiff wrote "[r]esponse to Def's special interrogatories set one is objected to on the ground's[sic] that it is vague ambiguous and overbroad."  (Decl. in Support of Mot. to Compel Ex. D, at 5, ECF No. 95.)  Defendants argue that Plaintiff failed to respond to their interrogatories separately and that the interrogatories cannot be vague, ambiguous, or overbroad unless Plaintiff is admitting that the allegation taken directly from his own second amended complaint was vague, ambiguous, or overbroad.

The Court will order Plaintiff to serve another response to Defendants' interrogatories that

responds to each interrogatory separately. Plaintiff may not set forth a single blanket objection to Defendants' interrogatories. Federal Rule of Civil Procedure 33(b)(4) requires that "[t]he grounds for objecting to an interrogatory must be stated with specificity." Thus, Plaintiff must specifically identify how each interrogatory is vague, ambiguous and/or overbroad.

As to the substance of Plaintiff's objections, the Court notes that some of the interrogatories are vague and ambiguous because the allegations Defendants recite from Plaintiff's second amended complaint are vague and ambiguous. For example, Plaintiff writes that "[t]his actionable lawsuit is brought in ways to seek relief to recover damages for civil violations, and to seek injunctive[sic]." Plaintiff's allegation is vague and ambiguous. Defendants understandably had difficulty comprehending Plaintiff's allegations and sought clarification through their interrogatory. Apparently, Plaintiff also finds his own allegation to be vague and ambiguous.

The Court recognizes that it is unduly burdensome to expect Defendants to defend against Plaintiff's allegations when even Plaintiff cannot make sense of them. Accordingly, the Court will direct Plaintiff to provide more detailed responses to Defendants' interrogatories. For each interrogatory Plaintiff must: (1) explain, in detail, how the interrogatory is vague, ambiguous, and/or over broad; or (2) provide a separate, detailed response to the interrogatory. If Plaintiff objects to an interrogatory that is based on a passage recited from Plaintiff's complaint, Plaintiff must either explain the meaning of the passage or admit that the passage is incomprehensible.

After reading the interrogatories, the Court is able to identify specific interrogatories that are not vague, ambiguous, and/or overbroad. For example, Interrogatory No. 4 simply asks Plaintiff to state the basis for Plaintiff's contention that "privileges and visitation restrictions were imposed against plaintiff's[sic] as means to punish and out of retaliation by the defendants." (Decl. in Supp. of Mot. to Compel Ex. A, at 3, ECF No. 95.) Defendants are clearly and unambiguously asking Plaintiff to provide all the facts in support of Plaintiff's contention that he was punished or retaliated against by Defendants. The Court also finds that Interrogatory Nos. 6, 7, 8, 12, 19 and 20 are not vague, ambiguous, and/or overbroad. Plaintiff's objections to these interrogatories will be overruled. Plaintiff will be directed to provide a full response to Interrogatory Nos. 4, 6-8, 12, 19 and 20.

The Court will order Plaintiff to serve Defendants with supplemental responses to

1 Defendants' interrogatories within thirty (30) days of the date of service of this order.  Defendants
2 will be given an opportunity to file a second motion to compel within fifteen (15) days after
3 Plaintiff's supplemental responses.

4       The Court advises Plaintiff that his blanket objection is not a good faith response to each
5 interrogatory.  Plaintiff will be given the opportunity to provide further responses to Defendants'
6 interrogatories and Plaintiff is forewarned that the failure to provide good faith responses to
7 Defendants' interrogatories may result in sanctions under Federal Rule of Civil Procedure 37(b),
8 **including dismissal of this action.**  See Federal Rule of Civil Procedure 37(b)(2)(A)(v).  Further,
9 Plaintiff is advised that if Defendants file a second motion to compel that is granted, the Court may
10 order Plaintiff to pay Defendants' reasonable expenses incurred in preparing and filing the motion
11 to compel, including attorney's fees.  See Federal Rule of Civil Procedure 37(a)(5)(A).  Improper
12 responses to Defendants' interrogatories may also result in an order prohibiting Plaintiff from
13 introducing the designated matters into evidence.  See Federal Rule of Civil Procedure
14 37(b)(2)(A)(ii).

15       **B.**    **Defendants' Requests for Production of Documents**

16       Defendants propounded a set of 19 document production requests on Plaintiff.  The Court
17 notes that Defendants' document production requests are styled in a fashion similar to Defendants'
18 interrogatories.  Defendants quote an allegation from Plaintiff's second amended complaint and ask
19 for any writings or recordings that support that allegation.  Due to the fact that many of the
20 allegations quoted are vague and ambiguous, the associated document production requests are also
21 vague and ambiguous.  Plaintiff objected to Request Nos. 1-4, 7-8, 10, 11, 13, 15-20[1] on the grounds
22 that they were "vague, ambiguous and overbroad." (Decl. in Supp. of Mot. to Compel Ex. D, at 2-5,
23 ECF No. 95.)  Plaintiff provided responses to Request Nos. 5-6, and 9 and "objected" to requests 12
24 and 14 on the grounds that they had "already been answered" through Plaintiff's responses to the
25 other requests.  The Court will not address whether Plaintiff's responses to requests 5-6, 9, 12, or
26 14 were sufficient as Defendants have not clearly identified how Plaintiff's responses to these

---

[1] There were only 19 requests.  However, Plaintiff objected to a "Request No. 20" on the grounds that it was vague, ambiguous and overbroad.

4

requests were inadequate.

With respect to Request Nos. 1-4, 7-8, 10-11, 13, and 15-19, the Court will order Plaintiff to provide further responses to Defendants' document production requests. For each document production request Plaintiff must: (1) explain, in detail, how the request is vague, ambiguous, and/or over broad; (2) produce documents responsive to the request; or (3) inform Plaintiff that he has no documents in his possession, custody, or control that are responsive to the request. If Plaintiff objects to a request that is based on a passage recited from Plaintiff's complaint, Plaintiff must either explain the meaning of the passage or admit that the passage is incomprehensible.

The Court notes that some of the document production requests are not vague, ambiguous, or overbroad. Request No. 19[2] asks for any writings or recordings that evidence any damages incurred as result of Defendants' alleged misconduct. There is nothing vague, ambiguous, or overbroad about this request. Similarly, Request Nos. 4, 7, and 8 are not vague, ambiguous, and/or overbroad. If Plaintiff has no documents in his possession, custody, or control that are responsive to Defendants' request, he must specifically state that he does not have possession, custody, or control of the documents. Plaintiff's objections to these requests will be overruled and Plaintiff will be directed to provide further responses to these requests.

Plaintiff will be given thirty (30) days to supplement his responses to Defendants' requests for production of documents. Plaintiff is advised that, to the extent that Plaintiff does not have possession, custody, or control of documents that are responsive to Defendants' request, Plaintiff must supplement his responses to explicitly inform Defendants that he does not have possession, custody, or control of such documents. Plaintiff is also advised that if he continues to object to the requests on the grounds that they are vague, ambiguous, or overbroad, he must explain how each request is vague, ambiguous, or overbroad. Plaintiff is forewarned that the failure to produce responsive documents in his possession, custody, or control may result in sanctions, such as exclusion of the evidence, monetary sanctions, or dismissal. <u>See</u> Federal Rule of Civil Procedure 37(b)-(d). Plaintiff is also again advised that if Defendants file a second motion to compel that is

---

[2] Request No. 19 is erroneously numbered as "Request No. 1" in Defendants' requests for production of documents.

5

granted, the Court may order Plaintiff to pay Defendants' reasonable expenses incurred in preparing and filing the motion to compel, including attorney's fees. See Federal Rule of Civil Procedure 37(a)(5)(A).

### C.     Defendants' Requests for Admission

Defendants propounded 19 requests for admission on Plaintiff. Defendants argue that Plaintiff's responses were improper because Plaintiff wrote "[r]esponse to Defendants[sic] request for admission number's[sic] 1-19, are hereby objected to on the ground's[sic] that it is vague, ambiguous and overbroad. Plaintiff will not admit that there is no evidence or facts to support the allegation in the second amended complaint." (Decl. in Supp. of Mot. to Compel Ex. D, at 5, ECF No. 95.)

Plaintiff will be ordered to provide further responses to Defendants' requests for admission. Plaintiff is advised that he must respond to each request for admission separately. Further, Federal Rule of Civil Procedure 36(a)(4) states that:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Plaintiff's blanket objection appears to deny Defendants' requests for admission. Plaintiff is instructed to separately deny each request for admission and specify the grounds for denial, as required by Rule 36(a)(4). To the extent that Plaintiff objects to the request on the ground that it is vague, ambiguous, or overbroad, Plaintiff must explain how the request is vague, ambiguous, or overbroad. Plaintiff is advised that if Plaintiff fails to admit a request that Defendants later prove to be true, Defendants may move for an order requiring Plaintiff to pay Defendants reasonable expenses, including attorney's fees, incurred in making that proof. See Federal Rule of Civil Procedure 37(c)(2).

Plaintiff will be ordered to provide supplemental responses to Defendants' requests for

admission within thirty (30) days of the date of service of this order. Defendants will be given the opportunity to file a second motion to compel within fifteen (15) days of the date of service of Plaintiff's supplemental responses.

### III. Conclusion and Order

The Court will order Plaintiff to provide supplemental responses to Defendants' interrogatories, requests for production of documents, and requests for admission within thirty (30) days of the date of service of this order. Plaintiff is advised that the continued failure to provide proper responses to Defendants' discovery requests may result in sanctions, such as the exclusion of evidence, monetary sanctions, or dismissal of this action.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff shall provide further responses to Defendants' interrogatories within thirty (30) days of the date of service of this order:
    a. Specifically, Plaintiff's objections that Interrogatory Nos. 4, 6-8, 12, 19 and 20 are vague, ambiguous, and/or over broad are overruled. Plaintiff shall provide detailed responses to Interrogatory Nos. 4, 6-8, 12, 19 and 20;
    b. Plaintiff shall provide further responses to Interrogatory Nos. 1-3, 5, 9-11, and 13-18 in accordance with this order;
2. Plaintiff shall provide further responses to Defendants' Request for Production of Documents within thirty (30) days of the date of service of this order:
    a. Specifically, Plaintiff's objections that Request for Production of Document Nos. 4, 7, 8, and 19 are vague, ambiguous, and/or over broad are overruled. Plaintiff shall produce documents that are responsive to these requests or admit that he has no documents in his possession, custody or control that are responsive to these requests;
    b. Plaintiff shall provide further responses to Request for Production of Document Nos. 1-3, 10-11, 13 and 15-18 in accordance with this order;
3. Plaintiff is ordered to provide responses to Defendants' Requests for Admissions within thirty (30) days of the date of service of this order; and

4. Defendant may file a second motion to compel within fifteen (15) days of the date of service of Plaintiff's supplemental responses.

IT IS SO ORDERED.

**Dated:   July 16, 2010**                                    /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE